**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| MCCULLY – CHAPMAN EXPLORATION, INC., §§§§ *Plaintiff/Counter-Defendant*, § § v. § § OVINTIV USA, INC., §§§§ *Defendant/Counter-Plaintiff*. § | CIVIL ACTION NO. 7:24-CV-18-DC-RCG |

## DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM

Pursuant to the Court's Order dated January 22, 2024, Defendant Ovintiv USA, Inc. ("Ovintiv") files this Amended Answer to Plaintiff's Original Petition (the "Petition").

## ANSWER

1. Ovintiv admits the allegations in Paragraph 1 of the Petition.

2. Ovintiv admits the allegations in Paragraph 2 of the Petition.

3. Ovintiv admits that the Upton County District Court had proper jurisdiction over the parties and the subject matter of this action. Ovintiv denies the remaining allegations, if any, of Paragraph 3 of the Petition.

4. Ovintiv admits the allegations in Paragraph 4 of the Petition.

5. Ovintiv admits that venue was proper in the Upton County District Court. Ovintiv admits that this suit involves real property in Upton County, Texas. Ovintiv denies the remaining allegations, if any, of Paragraph 5.

6. Paragraph 6 of the Petition does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 6.

7. Paragraph 7 of the Petition does not contain allegations. Ovintiv denies that it has any liability to McCully-Chapman Exploration ("MC Exploration" or "Plaintiff"). To the extent required, Ovintiv denies any other allegations in Paragraph 7.

8. Ovintiv admits that MC Exploration owns mineral interests in Upton County. Ovintiv denies the remaining allegations in Paragraph 8.

9. Ovintiv admits that Ovintiv is an oil and gas exploration company, that it is headquartered in Denver, Colorado, and that it maintains an office in The Woodlands, Texas. Ovintiv denies the remaining allegations in Paragraph 9.

10. Ovintiv admits the allegations in Paragraph 10.

11. Ovintiv admits the allegations in Paragraph 11.

12. Ovintiv admits that it drilled the listed Neal Wells. Ovintiv denies the remaining allegations in Paragraph 12.

13. Ovintiv admits the Neal Wells are horizontal wells that traverse both Section 46 and portions of Section 39, and that some of the Neal Wells traverse other lands. Ovintiv admits that it drilled the Neal Wells from surface locations on Sections 39 and 34. Ovintiv admits that the vertical portion of each of the Neal Wells and a portion of the horizontal lateral of each of the Neal Wells are located outside of Section 46. Ovintiv admits that a portion of the horizontal lateral of each of the Neal Wells traverses and produces from Section 46. Ovintiv denies the remaining allegations of Paragraph 13.

14. Ovintiv admits that MC Exploration did not participate in any of the Neal Wells. Ovintiv admits that MC Exploration elected not to participate in the drilling costs of some of the Neal Wells. Ovintiv denies the remaining allegations in Paragraph 14.

15. Ovintiv denies the allegations in Paragraph 15.

16. Ovintiv admits that MC Exploration's interests are not pooled into a unit for the Neal Wells. Ovintiv denies the remaining allegations in Paragraph 16.

17. Ovintiv denies the allegations in Paragraph 17.

18. Ovintiv denies the allegations in Paragraph 18.

19. Ovintiv admits that MC Exploration and Ovintiv are parties to a Joint Operating Agreement, dated May 1, 1982 (the "Section 46 JOA") as successors in interest to the original parties. Ovintiv admits that the Section 46 JOA covers interests in Section 46 and does not cover interests in Sections 34 or 39. Ovintiv denies the remaining allegations in Paragraph 19.

20. Ovintiv admits that the surface locations and portions of the Neal Well wellbores are located outside of Section 46. Ovintiv denies the remaining allegations in Paragraph 20.

21. Ovintiv denies the allegations in Paragraph 21.

22. Ovintiv denies the allegations in Paragraph 22.

23. Ovintiv denies the allegations in Paragraph 23.

24. Paragraph 24 does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 24.

25. Ovintiv admits that a real and substantial controversy exists between the parties. Ovintiv denies any other allegations in Paragraph 25.

26. Ovintiv admits that there is a justiciable controversy between the parties. Ovintiv denies any other allegations in Paragraph 26.

27. Paragraph 27 does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 27.

28. Paragraph 28 does not contain factual allegations. Ovintiv admits that Paragraph 28 reproduces or paraphrases portions of Texas Natural Resources Code § 91.402.

29. Ovintiv denies the allegations in Paragraph 29.

30. Ovintiv denies the allegations in Paragraph 30.

31. Paragraph 31 does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 31.

32. Ovintiv denies the allegations in Paragraph 32.

33. Paragraph 33 does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 33.

34. Ovintiv denies the allegations in Paragraph 34.

35. Paragraph 35 does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 35.

36. Paragraph 36 does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 36.

37. Ovintiv admits that MC Exploration and Ovintiv are parties to the Section 46 JOA. Ovintiv denies the remaining allegations in Paragraph 37.

38. Ovintiv denies the allegations in Paragraph 38.

39. Ovintiv denies the allegations in Paragraph 39.

40. Ovintiv denies the allegations in Paragraph 40.

41. Ovintiv denies the allegations in Paragraph 41, specifically denying that MC Exploration met the requirements of Tex. Nat. Res. Code § 91.404.

42. Paragraph 42 does not contain allegations. To the extent required, Ovintiv denies any allegations in Paragraph 42.

43. Ovintiv denies that MC Exploration is entitled to any relief on its claims.

44. MC Exploration's claims are barred, in whole or in part, by the applicable contractual provisions.

## Affirmative Defenses

45. MC Exploration's claims are barred, in whole or in part, by waiver.

46. MC Exploration's claims are barred, in whole or in part, by Tex. Nat. Res. Code § 91.402(b).

47. MC Exploration's claims are barred, in whole or in part, by estoppel and/or quasi-estoppel.

48. MC Exploration's claims are barred, in whole or in part, by adverse possession.

49. MC Exploration's claims are barred, in whole or in part, by modification.

50. MC Exploration's claims are barred, in whole or in part, by ratification.

51. MC Exploration's claims are barred, in whole or in part, by the applicable statute of limitations.

52. MC Exploration's claims are barred, in whole or in part, by express contract.

53. MC Exploration's claims are barred, in whole or in part, by setoff or offset.

## COUNTERCLAIM

1. Under Federal Rule of Civil Procedure 13, Counter-Plaintiff Ovintiv asserts the following counterclaim against Counter-Defendant MC Exploration.

**Parties & Jurisdiction**

2. This is a civil dispute in which MC Exploration alleges that Ovintiv has failed to properly pay Plaintiff its share of production from oil and gas operations in certain property in Upton County, Texas. Plaintiff sued Ovintiv, asserting claims for declaratory judgment regarding the proper method of calculating Plaintiff's share of production, failure to pay royalties under Texas Natural Resources Code § 91.401, et seq., money had and received, breach of contract, and an equitable cotenancy accounting. MC Exploration's state court pleading seeks monetary relief in excess of $1,000,000.00.

3. MC Exploration is a Texas corporation with its principal place of business in Harris County, Texas. Therefore, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

4. Ovintiv is a foreign for-profit corporation organized under the laws of the State of Delaware. Ovintiv's principal place of business is in Denver, Colorado. Thus, Defendant is a citizen of Delaware and Colorado for purposes of diversity jurisdiction.

5. Because there is complete diversity of citizenship between the parties and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, jurisdiction is correctly vested in this Court. *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 220–21 (5th Cir. 1995).

**Factual Background**

6. Ovintiv is the operator of certain oil and gas leases in Upton County, Texas, including leases covering mineral interests in Section 46, Block 40, T5S, T&P RR Co Survey, A-1280, Upton County, Texas ("Section 46").

7. Ovintiv and McCully both own working interests in Section 46.

8. Ovintiv and McCully are parties to the Section 46 JOA, which covers interests in Section 46 and other properties. Under the Section 46 JOA, Ovintiv is the Operator, and McCully is a Non-Operator.

9. Ovintiv also operates oil and gas leases in lands to the north and south of Section 46. As operator of Section 46 and the surrounding lands, since 2019, Ovintiv has drilled several horizontal wells that traverse both Section 46 and surrounding lands.

10. Under the Section 46 JOA, McCully is responsible for its proportionate share of all costs to conduct operations on Section 46.

11. McCully has incorrectly asserted that the Section 46 JOA does not apply to the Neal Wells or any other wells that are not wholly contained on Section 46.

12. McCully has also incorrectly asserted that even if the Section 46 JOA were to apply to the Neal Wells or other wells that reside partially on Section 46 and partially outside Section 46, that the Section 46 JOA would require McCully to bear only its share of costs actually expended on Section 46 rather than its proportionate share of costs for the full operation of each well.

13. Ovintiv disagrees with McCully's interpretation of the Section 46 JOA. This disagreement will continue to impact Ovintiv's development activities and the parties' rights and obligations with respect to the drilling of additional wells on Section 46.

## **Declaratory Judgment**

14. Ovintiv incorporates the foregoing paragraphs as if fully set forth in this Count.

15. There is a live controversy between Ovintiv and McCully with respect to McCully's obligations under the Section 46 JOA.

16. Ovintiv seeks a declaration that to the extent the parties each have a working interest in Section 46, the Section 46 JOA governs the parties' relationship as to oil and gas development and operations of interests in Section 46, regardless of whether such development activities or operations extend beyond Section 46.

17. Ovintiv also seeks a declaration that under the JOA, McCully is responsible for its proportionate share of all costs expended in the necessary and proper conduct of operations undertaken to develop and produce minerals from Section 46, even if those operations extend beyond on Section 46.

18. All conditions precedent to Ovintiv bringing this claim have been performed, have occurred, or have been waived.

## **Declaratory Judgment**

Wherefore Defendant/Counter-Plaintiff Ovintiv USA, Inc. respectfully prays for the following:

A. that the Court deny all of MC Exploration's claims against Ovintiv;

B. that the Court grant and enter judgment in favor of Ovintiv on its claim;

C. that the Court enter a declaratory judgment as requested above; and

that the Court award Ovintiv such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**HOGAN THOMPSON SCHUELKE LLP**

By: /s/ *Christopher M. Hogan*
Christopher M. Hogan
Texas Bar No. 24065434
chogan@hoganthompson.com
Samantha L. Thompson
Texas Bar No. 24102568
sthompson@hoganthompson.com
1001 Fannin Street, Suite 4775
Houston, Texas 77002
Telephone: (713) 671-5630
Facsimile: (713) 671-5632

*Counsel for Defendant/Counter-Plaintiff Ovintiv USA, Inc.*

## CERTIFICATE OF SERVICE

On this 1st day of February 2024, the above document was served on all counsel of record for the parties in accordance with the Federal Rules of Civil Procedure.

*/s/ Christopher M. Hogan*
Christopher M. Hogan